UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK R. DOUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| vs. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| SOUTHWEST AIRLINES CO., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

### Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq.

COMES NOW Plaintiff, Patrick R. Dougherty, by counsel, and for his Complaint against Defendant, Southwest Airlines Co., states to the Court as follows:

1. That Plaintiff, Patrick R. Dougherty, is, and was at all times pertinent to this cause of action herein, a citizen of the United States of America and a resident of St. Charles County, Missouri.

2. That Defendant, Southwest Airlines Co., is, and was at all times pertinent to this cause of action herein, a foreign general business-for profit corporation, incorporated in the State of Texas and having its principal place of business in Dallas, Texas, but licensed and in good standing to do business in the State of Missouri, with facilities and offices located at Lambert International Airport at 10701 Lambert International Boulevard, St. Louis, Missouri 63145.

3. That jurisdiction over this Complaint is based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq.

1

4. That Defendant, Southwest Airlines Co., is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq., in that Defendant, Southwest Airlines Co., is, and was at all times pertinent to this cause of action herein, engaged in the commercial airline industry, an industry affecting commerce, and has employed fifteen (15) or more employees for every working day in each of twenty (20) or more calendar weeks in the current and preceding calendar year.

5. That Plaintiff is a white Caucasian.

6. That Plaintiff was employed with Defendant, Southwest Airlines Co., for approximately nine and one-half (9 ½) years, from September 3, 2008 until he was terminated from his employment on March 23, 2018.

7. That at the time of his termination of employment, Plaintiff held the title of Ramp Agent, meaning that he loaded passenger luggage onto planes and unloaded passenger luggage from planes.

8. That throughout the time in which Plaintiff was employed with Defendant, Southwest Airlines Co., Plaintiff performed his job satisfactorily.

9. That on the morning of March 15, 2018, Plaintiff showed up at work for the day shift 45 minutes early, as he usually did, in order to get his equipment and to be ready to go to work when scheduled.

10. That Defendant, Southwest Airlines Co., previously issued to its employees a company memorandum explaining how a tug is to be claimed. The memo clearly stated that Ramp Agents, such as Plaintiff, are to put their belongings in a tug, and then to wrap the steering wheel, thereby indicating to other Ramp Agents that the tug is taken, whereby other Ramp Agents are to find another tug.

11. That in claiming his tug, Plaintiff, in full compliance with Defendant's company memorandum, put his vest in the tug, wrapped the steering wheel and then went to get a coffee. (If this were the night shift, the equipment would automatically be matched up to the Ramp Agents, but on the day shift, all of the Ramp Agents were on their own to get their equipment).

12. That when Plaintiff came back from getting a coffee, his tug was gone.

13. That Plaintiff later found out that his tug had been taken by a co-worker, Isaiah Carter, another Ramp Agent.

14. That Isaiah Carter is an African American.

15. That if Isaiah Carter had looked at the vest laying on the seat of the tug claimed by Plaintiff, Mr. Carter would have clearly seen that the vest had Plaintiff's name on it. Hence, there would have been no reason for Mr. Carter to conclude anything other than that this tug had already been claimed by Plaintiff.

16. That Isaiah Carter had previously been disciplined for being late for flights, and warned that further instances of being late would result in further discipline.

17. That because Isaiah Carter was late for work the morning of March 15, 2018, and had come to work with barely enough time to be ready for his shift, he took the first tug that he saw that was not physically occupied by another Ramp Agent and disregarded that this tug had already been claimed by Plaintiff (in that Plaintiff had put his belongings in the tug and had wrapped the steering wheel, in full compliance with Defendant's company memorandum), instead of walking five (5) minutes to go to the area where the unclaimed tugs were parked and thereby claim another tug.

18. That when Plaintiff found out that his tug had been taken by Isaiah Carter, Isaiah Carter and Plaintiff both argued with each other over whose tug it was and tried to sit on the tug at the same time, each trying to claim possession of the tug.

19. That although Plaintiff was upset with Isaiah Carter, Plaintiff was not violent or threatening toward Isaiah Carter.

20. That because Isaiah Carter refused to give up the tug to Plaintiff, even though Plaintiff's belongings clearly had already been placed in the tug and the steering wheel clearly had already been wrapped, Plaintiff, although not calling Isaiah Carter a "bitch", told Isaiah Carter to "quit being a bitch about this".

21. That the only witness to this matter was a zone supervisor, who stated that the incident involving Isaiah Carter and Plaintiff was "peaceful", and that it looked as if "they were just talking it out".

22. That when Plaintiff realized that a plane, to which he had been assigned, had arrived, he got off the tug and then went to Defendant's management.

23. That Plaintiff was thereafter terminated from his employment on March 23, 2018.

24. That although Isaiah Carter and Plaintiff had engaged in similar conduct, Isaiah Carter was not terminated and, in fact, he received absolutely no discipline whatsoever, not only for the manner in which he handled this entire matter, including not following Defendant's memorandum, but also for the manner in which he dealt with Plaintiff, including being argumentative and unreasonable.

25. That prior to his termination, Plaintiff had received no discipline in his entire nine and one-half (9 ½) years of employment with Defendant, and he had always performed well, including receiving good performance evaluations.

26. That Plaintiff was given no progressive discipline prior to his termination.

27. That Plaintiff's race (white Caucasian) was a motivating factor in Plaintiff being terminated from his employment, as evidenced by the following facts:

    A. That Defendant, Southwest Airlines Co., did not terminate Isaiah Carter, an African American, and, in fact, it rendered absolutely no discipline whatsoever against Isaiah Carter, but Defendant terminated Plaintiff, a white Caucasian, without giving Plaintiff any progressive discipline whatsoever, even though both Isaiah Carter and Plaintiff had engaged in similar conduct with respect to their dealings with each other, and Isaiah Carter had not followed Defendant's memorandum with respect to getting a tug, and he was unreasonable in his dealings with Plaintiff concerning the tug.

    B. Within a matter of months prior to Plaintiff's termination, the NAACP had conducted an investigation into complaints of race discrimination at Defendant's St. Louis facility, in particular, whether African American employees were receiving harsher discipline by Defendant than white Caucasian employees. That as a result of this NAACP investigation, Defendant over compensated by hiring more African American employees as compared to white Caucasian employees. Furthermore, that as a result of this NAACP investigation, Defendant, instead of treating both Plaintiff and Isaiah Carter the same, whether that be to render the same discipline against both Isaiah Carter and Plaintiff, or whether to not render any discipline whatsoever against both Isaiah Carter and Plaintiff, over

compensated by terminating Plaintiff, a white Caucasian, and by not terminating Isaiah Carter, an African American, and, in fact, it rendered no discipline whatsoever against Isaiah Carter, even though both Isaiah Carter and Plaintiff had engaged in similar conduct with respect to each other.

28. That the conduct of Defendant, Southwest Airlines Co., in terminating Plaintiff from his employment, was done maliciously, with evil motive or in reckless disregard for the rights of Plaintiff.

29. That on July 10, 2018, Plaintiff filed a Charge of Discrimination with the St. Louis District Office of the Equal Employment Opportunity Commission, which was assigned Charge Number 560-2018-02218 by the Equal Employment Opportunity Commission, charging Defendant, Southwest Airlines Co., with race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq.

30. That the Equal Employment Opportunity Commission issued Plaintiff a "Notice of Right to Sue", dated September 28, 2018.

31. That as a proximate result of Defendant, Southwest Airlines Co., terminating Plaintiff from his employment, Plaintiff sustained, and will continue to sustain, damages consisting of past and prospective losses in pay and benefits.

32. Further, that as a proximate result of Defendant, Southwest Airlines Co., engaging in the above-referenced conduct, Plaintiff has sustained emotional distress.

WHEREFORE, Plaintiff, Patrick R. Dougherty, prays for judgment in his Complaint against Defendant, Southwest Airlines Co., for actual, compensatory and punitive damages in a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00); for his

reasonable attorney's fees incurred herein; for his Court costs and expenses incurred herein; and for whatever and further relief the Court deems just and proper.

Respectfully submitted,

By: /s/ David M. Heimos

David M. Heimos, #8069
Attorney for Plaintiff
230 S. Bemiston, Suite 1200
Clayton, Missouri 63105
(314) 862-3333 Ext. 17
(314) 862-0605 Facsimile
davidmheimos@heimoslaw.com